IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| TOKHIR GULOV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-124 (LMB/WBP) |
| | ) | |
| TODD M. LYONS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Tokhir Gulov ("Gulov"), an alleged citizen of Tajikistan, has filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since November 25, 2025. Specifically, he alleges that his continued detention violates the Immigration and Nationality Act (Count I), the bond regulations (Count II), and his due process rights (Count III).

Gulov is currently detained at the Caroline Detention Center, which is within the Court's jurisdiction and the basis upon which he is suing Paul Perry, the warden of the Caroline Detention Center. Gulov has also sued Todd M. Lyons, the Acting Director of ICE; Joseph Simon, the Director of the Washington Field Office of ICE's Enforcement and Removal Operations; Kristi Noem, the former Secretary of Homeland Security; Pamela Bondi, the Attorney General; and the Department of Homeland Security (collectively, "the federal respondents"). For the reasons discussed in this Order, the Court finds that the process the federal respondents used to revoke Gulov's parole violated the Fifth Amendment. Accordingly, Gulov's Petition will be granted as to Count III, and the federal respondents will be ordered to release him from custody immediately.

I.

The following facts are undisputed. On May 28, 2023, Gulov applied for admission into the United States as a CBP One Mobile program applicant at the San Ysidro Port of Entry, West Facility. [Dkt. No. 4-1] at ¶ 6; [Dkt. No. 7-1]. At the time of his application for admission, he did not have proper travel documents to be admitted into the United States. [Dkt. No. 4-1] at ¶ 6. Therefore, he was issued a Notice to Appear and paroled into the United States pending removal proceedings.[1] [Dkt. No. 7-1]; [Dkt. No. 7-5].

On September 17, 2023, Gulov was issued a superseding Notice to Appear charging him with being inadmissible to the United States under 8 U.S.C. § 1182(a)(7)(A)(i)(I). [Dkt. No. 4-1] at ¶ 7; [Dkt. No. 7-7]. On June 26, 2024, Gulov filed a Form, I-589, Application for Asylum and for Withholding of Removal. [Dkt. No. 4-1] at ¶ 8. On November 25, 2025, he was arrested by ICE agents and has remained in immigration custody since that date.[2] Id. ¶ 9; [Dkt. No. 7-2].

Gulov filed his Petition on January 15, 2026. [Dkt. No. 1]. The Court subsequently entered an Order requiring that he not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents to file a responsive pleading. [Dkt. No. 2]. In response, the federal respondents filed an opposition to Gulov's Petition, [Dkt. No. 4], and the Court ordered additional briefing on whether Gulov's parole had been lawfully revoked, [Dkt. No. 8], which the federal respondents have provided, [Dkt. No. 9].

---

[1] It is unclear from Gulov's immigration documents why DHS chose to parole Gulov into the United States, and whether DHS grounded its decision in 8 U.S.C. § 1182(d)(5) or another statutory provision.

[2] DHS records inaccurately reflect that Gulov was detained by ICE on November 25, 2026. [Dkt. No. 7-2].

II.

The central question posed in this Petition is whether Gulov's continued detention violates the Fifth Amendment. In Pineda-Berrios v. Lyons, the Court analyzed the procedures the federal respondents used to revoke a noncitizen's parole under Mathews v. Eldridge, 424 U.S. 319, 335 (1976), and concluded that the unilateral revocation of the noncitizen's parole without "individualized consideration" and an "opportunity to be heard" deprived him of his due process rights. 2026 WL 384159, at *5. That same analysis applies here.

First, Gulov has a significant liberty interest in remaining out of custody. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). In the parole context, "the liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and often on others." Morrissey v. Brewer, 408 U.S. 471, 482 (1972). Subject to the conditions of parole, a parolee "is free to be with family and friends and to form the other enduring attachments of normal life." Id.

Second, the procedures used to revoke Gulov's parole significantly risked erroneously depriving him of his liberty interest in remaining out of custody. There is absolutely no evidence in this record that any immigration officer conducted any type of individualized determination as to whether parole revocation was appropriate. To the contrary, there is no evidence of Gulov committing any crime during the 29 months he has remained in society and no indication that he missed any required appointments with immigration officials or violated any of the conditions of his parole. See [Dkt. No. 7-2] ("Gulov has no criminal history or wants/warrants."). Therefore, on this record, it is easy to see how any additional procedure would be valuable where, as here,

3

"the only procedure required for the deprivation of [petitioner's] liberty appears to be an unreviewable decision by an agency official subject to no formal procedures or review." L.M. v. Noem, 2026 WL 103231, at *13 (D. Nev. Jan. 14, 2026).

Third, the federal respondents' interest in detaining Gulov without any semblance of due process is nonexistent. Of course, they have "no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by . . . alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017). And although the federal respondents have a "weighty" "interest in efficient administration of the immigration laws," Landon v. Plasencia, 459 U.S. 21, 34 (1982), they "remain subject to an obligation to 'effectuate [Gulov's] detention in a manner that comports with due process,'" Abadin v. Noem, 2026 WL 217148, at *4 (W.D. Wash. Jan. 28, 2026) (citation omitted). Nothing in this record explains why the federal respondents are "unable to efficiently enforce the immigration laws . . . while also affording individuals with their 'core' due process right: 'notice and an opportunity to be heard.'" Make the Rd. N.Y. v. Noem, 2025 WL 2494908, at *19 (D.D.C. Aug. 29, 2025) (quoting LaChance v. Erickson, 522 U.S. 262, 266 (1998)).

In sum, although the federal respondents have discretion to release a noncitizen on parole, that does not mean they can revoke that parole on a mere whim, which is what has happened in this case. Accordingly, Gulov's continued detention violates the Due Process Clause, and he must be released from custody immediately.

## III.

For all the reasons stated above, Gulov's Petition, [Dkt. No. 1], is GRANTED as to Count III, and it is hereby

4

ORDERED that the federal respondents release Gulov from custody with all his personal property subject to the conditions of his preexisting parole; and it is further

ORDERED that the federal respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Gulov unless (1) he commits a violation of any federal, state, or local law; (2) he fails to comply with the conditions of parole, except for the expiration date; or (3) his parole has been lawfully revoked in a manner consistent with 8 C.F.R. § 212.5(e) and the Due Process Clause.

The Clerk is directed to enter judgment in Gulov's favor pursuant to Federal Rule of Civil Procedure 58, forward a copy of this Order to counsel of record, and close this civil action.

Entered this 9 day of March, 2026.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

5